# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01462-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 1) |

Plaintiff Eddie Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 16, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff asserts a claim for retaliation in violation of his First Amendment rights against Correctional Lieutenant D. Lopez and Correctional Officer E. Aguirre.

Plaintiff alleges as follows: At all times relevant to his claim, Plaintiff was incarcerated at CSATF and assigned to Facility F. On July 20, 2019, Defendant Lopez was interviewing Plaintiff regarding his appeal pertaining to A1A program (yard). Defendant Lopez wanted Plaintiff to drop the appeal. Defendant Lopez asked, "Are you sure you want to do this." Plaintiff stated, "Yeah." (ECF No. 1 at 8.) Defendant Lopez then asked Plaintiff what he did at work. Plaintiff said that he plays cards and watches TV until he is called to assist an inmate. Plaintiff claims that he never stated that he remained in the dayroom watching TV and playing with other inmates all throughout his work hours or that he is rarely called upon to conduct ADA-related work. Plaintiff also did not indicate that he attended all yard recreational activities consistent with his assigned tier rotation. Plaintiff claims that those statements, made by Defendant Lopez, were false and filing in his RVR

2

| | |
|---|---|
| 1 | Counseling No: 006878530. |
| 2 | Defendant Aguirre ordered Plaintiff to drop his appeal. When Plaintiff declined, Defendant |
| 3 | Aguirre stated, "Why don't you drop it, now I'm going to write people up." (ECF No. 1 at 9.) |
| 4 | Plaintiff stated that he would not drop the appeal. Defendant Aguirre then left his assigned post, |
| 5 | went to Defendant Lopez's office, came back with the RVR and gave it to Plaintiff. |
| 6 | Plaintiff asserts that his appeal was similar to approximately 75 other appeals that pertained |
| 7 | to A1A yard time. Plaintiff believes that Defendant Lopez interviewed other inmates with similar |
| 8 | appeals and approximately 50 of those inmates dropped their appeals because they were threatened |
| 9 | with receiving an RVR. |
| 10 | Plaintiff claims that Defendant Lopez issued the RVR because Plaintiff did not drop his |
| 11 | grievance and that this had a chilling effect. Plaintiff also asserts that Defendants took adverse |
| 12 | action against him by issuing an RVR for not dropping his grievance. |
| 13 | As relief, Plaintiff seeks a declaratory judgment, along with compensatory and punitive |
| 14 | damages. |

**III.    Discussion**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's allegations indicate that Defendants issued him a Rules Violation Report for disciplinary reasons because Plaintiff would not drop his grievance. At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendants Lopez and Aguirre.

///

**IV. Conclusion and Order**

For the reason stated, the Court finds that Plaintiff has stated a cognizable claim against Defendants Lopez and Aguirre for retaliation in violation of the First Amendment.

Accordingly, it is HEREBY ORDERED as follows:

1. This action shall proceed on Plaintiff's complaint, filed on October 16, 2019 (ECF No. 1), against Defendants Lopez and Aguirre for retaliation in violation of the First Amendment; and

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated: **January 24, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE